IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIC FEDERSPIEL, et al.,

    Plaintiffs,

      v.

THE BANK OF NEW YORK
MELLON
formerly known as
The Bank of New York, as Trustee for
CWMBS, Inc., CHL Mortgage
Pass-Through Trust 2007-HYA
Mortgage Pass-Through Certificates,
Series 2007-HY4, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:13-CV-2935-TWT

## OPINION AND ORDER

This is an action for wrongful attempted foreclosure. It is before the Court on the  Defendants' Motion to Dismiss [Doc. 6]. For the reasons set forth below, the Defendants' Motion to Dismiss [Doc. 6] is GRANTED.

### I. Background

#### A.    Procedural History and Facts

The Plaintiffs, Eric and Laura Federspiel, filed suit against Defendants The Bank of New York Mellon, f/k/a The Bank of New York as Trustee for CWMBS,

Inc., CHL Mortgage Pass-Through Trust 2007-HYA Mortgage Pass-Through Certificates, Series 2007-HY4 and Bank of America, NA, on August 1, 2013, in the Superior Court of Fulton County alleging various causes of action related to several attempted foreclosures on the Plaintiffs' property. The Defendants removed the suit to this Court on September 3, 2013, and filed the instant motion to dismiss.

The Court draws the facts from those alleged in the complaint. The Plaintiffs, Eric and Laura Federspiel, own the Property at 515 Rippling Water Lane, Duluth, Georgia, 30097.[1] Eric Federspiel purchased the Property on July 31, 2007, with a $30,000 down payment and a first mortgage of $480,000 and an additional second mortgage.[2] The initial holder of the Security Deed was RBC Centura Bank.[3] The servicing agent for the mortgage is Defendant Bank of America.[4] On October 22, 2007, the second mortgage was refinanced with the grantors of the Security Deed listed as both Eric and Laura Federspiel.[5]

---

[1]   *See* Compl. ¶ 1.

[2]   *Id.* ¶¶ 6-7.

[3]   *Id.* ¶ 8.

[4]   *Id.* ¶ 9.

[5]   *Id.* ¶ 12.

In 2009, the Plaintiffs sought a modification of the loan through Bank of America "which required Plaintiffs to make reduced payments during the trial period."[6] Sometime later in 2009, Bank of America informed the Plaintiffs that it was going to foreclose and an advertisement of foreclosure was published in November 2009.[7] The proposed foreclosure sale did not take place.[8]

In 2012, the Plaintiffs again sought modification of their mortgage through Bank of America.[9] Bank of America advertised foreclosure again in September 2012, but that foreclosure sale was also withdrawn.[10]

The Plaintiffs have continued to negotiate for a loan modification through Bank of America.[11] As late as June 2013, the Plaintiffs provided requested information to Bank of America.[12]   Bank of America continued to evaluate the Plaintiffs' application.[13]   However, the Property was listed for foreclosure again on August 6,

---

[6]      *Id.* ¶ 13.

[7]      *Id.* ¶ 14.

[8]      *Id.*

[9]      *Id.* ¶ 15.

[10]     *Id.*

[11]     *Id.* ¶ 16.

[12]     *Id.*

[13]     *Id.*

2013.[14] This foreclosure advertisement stated that Bank of New York Mellon is the holder of the Security Deed and Promissory Note.[15]

On July 2, 2013, Laura Federspiel spoke with an agent of Bank of America named Dewana Baltimore concerning her application for modification.[16] Ms. Baltimore told Mrs. Federspiel that the Plaintiffs met the initial requirements for modification and that the Plaintiffs would receive further information about the approval of the loan modification in the mail.[17] Mrs. Federspiel spoke with Ms. Baltimore again on July 22, 2013, and she told Mrs. Federspiel that she was continuing to work on the loan modification process and she would get back in touch with the Plaintiffs soon.[18] Ms. Baltimore never called the Plaintiffs again.[19]

The "Plaintiffs have a substantial income, which is wholly sufficient to pay the mortgage, taxes and insurance on their family home, as well as all other reasonable living expenses."[20] The "Plaintiffs have done everything asked of them in the loan

---

[14]     *Id.* ¶ 17.

[15]     *Id.* ¶ 18.

[16]     *Id.* ¶ 20.

[17]     *Id.*

[18]     *Id.*

[19]     *Id.*

[20]     *Id.* ¶ 22.

modification process, but it does not appear that BOA is the party with the ability to modify the mortgage, despite their [sic] promises to the contrary."[21]

The Plaintiffs' first alleged cause of action is for breach of contract/wrongful foreclosure.[22] The Plaintiffs appear to contend that the contracts at issue are the Security Deed and the Promissory Note.[23] The Plaintiffs contend that "only the secured party has the ability to foreclose on a mortgage loan."[24] The Plaintiffs aver that an "unsecured party" is attempting to foreclose which is a breach of contract.[25] The Plaintiffs also claim that Ms. Baltimore, as agent of Bank of America, promised that the Plaintiffs met the initial requirements of the loan modification program and additional information would be sent along.[26] "It is a breach of the verbal agreement for Defendants to proceed with foreclosure when BOA promised that it was still considering Plaintiffs' applications."[27]

---

[21]    *Id.* ¶ 23.

[22]    *Id.* ¶¶ 24-31.

[23]    *Id.* ¶ 26.

[24]    *Id.* ¶ 25.

[25]    *Id.* ¶ 28.

[26]    *Id.* ¶ 31.

[27]    *Id.*

In their fraud cause of action, the Plaintiffs contend the Defendants have committed fraud under O.C.G.A. §§ 51-6-1, 23-2-51, and 23-2-52.[28] The Plaintiffs assert that "more than one entity claims to be the secured party."[29]  Bank of America "claims to be the party with the authority and ability to modify the mortgage, but apparently BOA is not the secured party."[30] The Plaintiffs contend that because the Security Deed and the Promissory Note were "separated" it is impossible to determine who holds the Security Deed.[31] The Plaintiffs claim it is "unclear" how Bank of New York Mellon came to hold the Security Deed.[32]   The Plaintiffs claim Bank of New York Mellon knowingly made false and material statements when it said on two previous occasions that it was authorized to foreclose and did not foreclose.[33]  Ms. Baltimore's statement that the Plaintiffs had met the initial criteria for modification was also a material and knowingly false statement when made.[34] "BOA also represented that it was the party with authority and ability to modify the mortgage, but

---

[28]     *Id.* ¶ 33.

[29]     *Id.* ¶ 34.

[30]     *Id.* ¶ 35.

[31]     *Id.* ¶ 36.

[32]     *Id.* ¶ 39.

[33]     *Id.* ¶ 42.

[34]     *Id.* ¶ 44.

BOA is not in fact the secured party."[35] The Plaintiffs claim that the Defendants made these material representations in order "to lull Plaintiffs into complacency so that Plaintiffs could not/would not take other measure [sic] to ensure the Plaintiffs [sic] ability to save their home from foreclosure."[36] The Plaintiffs claim they have always been ready, willing, and able to make payments on the subject Property.[37]

The Plaintiffs also seek an emergency temporary restraining order and injunctive relief.[38] The Plaintiffs claim negligence.[39] The Plaintiffs allege that Bank of New York Mellon and Bank of America have a duty to service the mortgage loan in good faith pursuant to O.C.G.A. ¶ 7-1-1013, as well as a duty to service the mortgage loan in keeping with a reasonable standard of care.[40] The Plaintiffs claim that Bank of New York Mellon has a duty to honor its contractual obligations and refrain from wrongfully foreclosing on the Plaintiffs' property.[41] Bank of America has

---

[35]   *Id.* ¶ 45.

[36]   *Id.* ¶ 47.

[37]   *Id.* ¶ 50.

[38]   *Id.* ¶¶ 51-55.

[39]   *Id.* ¶¶ 56-65.

[40]   *Id.* ¶ 57.

[41]   *Id.* ¶ 58.

a duty to perform in good faith when processing applications for modification.[42]  The Plaintiffs allege that the Defendants' negligence also entitles them to punitive damages.[43]

The Plaintiffs also raise a claim for breach of duty of good faith and fair dealing.[44]  The Plaintiffs contend they are entitled to treble damages pursuant to O.C.G.A. §§ 16-14-4 and 16-14-6.[45]

### B.      Contentions

The Defendants argue that the Plaintiffs' complaint fails because Bank of New York Mellon has legal authority to foreclosure as the holder of the Security Deed, the Plaintiffs have failed to identify any damages related to any alleged "verbal" agreement to review the Plaintiffs' loan modification application, no foreclosure has occurred and the Plaintiffs have not alleged the elements of a wrongful attempted foreclosure claim, and the Plaintiffs have failed to allege the elements of fraud or any duty the Defendants' owed upon which a negligence claim could be pled.  Because the

---

[42]      *Id.* ¶ 59.

[43]      *Id.* ¶ 65.

[44]      *Id.* ¶¶ 66- 69.

[45]      *Id.* ¶¶ 71-72.

Plaintiffs' substantive claims fail, the Defendants allege that the Plaintiffs' claims for injunctive relief and punitive damages also fail.

The Plaintiffs respond that they have sufficiently alleged consideration to support a breach of contract claim, that their fraud claim is supported by their allegation that more than one entity claims to be the secured party and that Bank of New York Mellon has previously attempted foreclosure and then withdrawn the foreclosure notices; and that their negligence claim is supported by the fact that the Defendants have a duty to honor their contractual obligations and perform in good faith while processing applications for loan modifications, as well as in the foreclosure process.

## II. Discussion

Before analyzing the Plaintiffs' specific causes of action, the Court addresses some additional factual information proffered by the Defendants in their motion to dismiss.  On a motion to dismiss, the Court may only consider the pleadings and exhibits attached to them.[46] However, a document attached to a motion to dismiss may be considered by the Court without converting the motion into one for summary judgment if the attached document is: (1) central to the plaintiff's claim and (2)

---

[46]        *See*, *e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

undisputed.[47] Furthermore, the Court may take judicial notice of public records and thus may consider such records on a motion to dismiss.[48]

Mortgage Electronic Registration System, Inc. (MERS) was the Grantee and Nominee under the Security Deed for the first mortgage loan at issue in this litigation.[49] On September 6, 2009, MERS assigned the Security Deed to Bank of New York Mellon. This Assignment was recorded in the Fulton County property records.[50]

In *You v. JP Morgan Chase Bank*,[51] the Georgia Supreme Court made it clear that under Georgia law, "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note."[52] *You* also held that the "secured creditor" need not be identified in the

---

[47]     *See*, *e.g.*, *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (explaining that "undisputed" in this context means authenticity of document is not challenged).

[48]     *See*, *e.g.*, *Universal Express, Inc. v. S.E.C.*, 177 Fed. Appx. 52, 53-54 (11th Cir. 2006).

[49]     *See* Security Deed, Motion to Dismiss, Exh. A.

[50]     *See* Assignment, Motion to Dismiss, Exh. B.

[51]     293 Ga. 67 (2013).

[52]     *Id.* at 74.

notice of foreclosure.[53]   Rather, O.C.G.A. § 44-14-162.2(a) requires only that the foreclosure notice must include the name "of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor."[54]  This individual or entity might be the holder of the security deed, or the holder of the note, or some other party altogether, such as an attorney or servicing agent.[55]  Whoever that individual or entity is with full authority to "negotiate, amend, or modify" is the entity that must be named in the foreclosure notice.[56]

There is no dispute that Bank of New York Mellon held the Security Deed to the subject Property and thus was the entity with the authority to foreclose on the Plaintiffs' default.  Thus, to the extent that any of the Plaintiffs' claims rely on any alleged lack of authority on the part of Bank of New York Mellon to foreclose or any alleged "confusion" over the identity of the secured party, or that more than one party is claiming to be the "secured party," they fail.

The Court further notes that the Plaintiffs cannot bring a claim for injunctive relief related to a wrongful foreclosure claim without first tendering the amount owed

---

[53]     *Id.* at 74-75.

[54]     *Id.*

[55]     *Id.*

[56]     *Id.*

on the mortgage.  Georgia courts have consistently held that if a plaintiff seeks any kind of equitable declaratory relief, a tender must be made.[57]  The Plaintiffs seek both compensatory and equitable relief in their complaint.  However, because the Court finds that the  Plaintiffs have not stated a claim for their other causes of action, the Court need not reach the issue of tender.

### A.     Breach of Contract/Wrongful Foreclosure/Breach of Duty of Good Faith and Fair Dealing

The Plaintiffs appear to allege two breach of contract theories: (1) an "unsecured" party is attempting to foreclose in violation of the Security Deed and Promissory Note and (2) Ms. Baltimore made a "verbal" agreement to send additional information. As the Court noted above, there is no dispute here that Bank of New York Mellon holds the Security Deed on this Property and can initiate foreclosure proceedings.  *You* also confirms that the secured party need not be listed on the Notice of Foreclosure, but rather only the party with the authority to negotiate, amend, and modify all terms of the mortgage with the debtor.  All parties agree that Bank of

---

[57]     *See*, *e.g.*, *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 850 (2003) (debtor who executed security deed and defaults on loan cannot enjoin foreclosure unless debtor has paid or tendered amount due on loan); *Hill v. Filsoof*, 274 Ga. App. 474, 475 (2005) ("Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due.").

America is the servicer of this mortgage and holds the authority to negotiate concerning the mortgage.  As a result, the Plaintiffs cannot state a claim for breach of the Security Deed or Promissory Note based on Bank of New York Mellon's status as the secured party with authority to foreclose.

The Plaintiffs next contend that Ms. Baltimore made a "verbal" agreement that the Plaintiffs were eligible for a loan modification and she would send additional information and she did not do so.  As the Plaintiffs appear to recognize, no contract was reached for a loan modification.  Nor have the Plaintiffs alleged that Bank of America was under any obligation to accept the Plaintiffs into a loan modification program.  The Plaintiffs can only allege that Ms. Baltimore "verbally" agreed to send additional information and she did not.  However, even accepting this theory, the Plaintiffs cannot show any damage under it.  If Bank of America does not have a legal obligation to accept any particular borrowers into the loan modification program, there can be no damage from the failure to send any additional information and the Plaintiffs cannot state a breach of contract on this alleged "verbal" agreement.[58]  The

---

[58]     Because the Plaintiffs cannot raise a claim for breach of contract, their claim for breach of the duty of good faith and fair dealing also fails.  Every contract in Georgia implies a covenant of good faith and fair dealing in the contract's performance and enforcement. *Onbrand Media v. Codex Consulting, Inc.*, 301 Ga. App. 141, 147 (2009). "The implied covenant modifies and becomes a part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability."

Court addresses below the Plaintiffs' allegation that Ms. Baltimore's failure to send the information was an act of fraud.

To the extent the Plaintiffs raise a "wrongful foreclosure" claim, the Defendants halted the latest foreclosure scheduled for the Property.  Therefore, the Plaintiffs cannot state a claim for wrongful foreclosure, but rather only wrongful attempted foreclosure.  To state a claim for wrongful attempted foreclosure under Georgia law, the plaintiff must establish a "knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication."[59] The Plaintiffs have not made any such allegations in their complaint.  The Plaintiffs do not deny that the loan is in default.  Therefore, the Plaintiffs have not stated a claim for wrongful attempted foreclosure.  The Court grants the Defendants' motion to dismiss the Plaintiffs' breach of contract/wrongful foreclosure/breach of duty of good faith and fair dealing claims.

### B.      Fraud

---

*Id. See also Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990) (finding that the covenant of good faith and fair dealing is not an independent contract term).

[59]      *See*, *e.g.*, *Aetna Finance Co. v. Culpepper*, 171 Ga. App. 315, 319 (1984).

The Plaintiffs contend that Bank of America is not the party who can modify the Plaintiffs' mortgage loan and because the Security Deed and Promissory Note were "separated," The Plaintiffs cannot discern the identity of the secured party. The Plaintiffs claim Bank of New York Mellon knowingly made false and material statements when it said on two previous occasions that it was authorized to foreclose and did not foreclose. The Plaintiffs also contend that Ms. Baltimore's statement that the Plaintiffs had met the initial criteria for modification was a material and knowingly false statement when made.

The elements of fraud under Georgia law are: (1) a false representation, (2) scienter, (3) intention to induce plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff.[60]

As the Court found above, there is no "fraud" in Bank of New York Mellon's status as the secured party and holder of the Security Deed. MERS assigned the Security Deed to Bank of New York Mellon and the Assignment was recorded in the property records of Fulton County. Thus, Bank of New York Mellon's status as a secured party is not a false representation. Nor have the Plaintiffs sufficiently alleged that the withdrawal of foreclosure was a "false representation." There are a myriad of reasons why foreclosure notices are withdrawn and the Plaintiffs have not

---

[60]    *See*, *e.g.*, *Scarbrough v. Hallam*, 240 Ga. App. 829, 832 (1999).

sufficiently alleged that Bank of America posted the notices with the present intention of later withdrawing them.

Finally, there is no disagreement that Bank of America is the servicing agent for the loan and was working with the Plaintiffs in the loan modification process.  The fact that the loan modification process never reached an actual agreement does not render Bank of America's status as the party with authority to modify the loan a "false representation."  Nor have the Plaintiffs alleged any facts in the complaint which show that Ms. Baltimore knew at the time she made her statement to the Plaintiffs that she had no present intention to mail out any additional papers to the Plaintiffs.

Even if the Court accepted the Plaintiffs' allegations as sufficient to proffer "false representations," the Plaintiffs have not sufficiently alleged reliance.  The Plaintiffs have not pointed to any right they surrendered as a result of relying on any alleged promise made by the Defendants.  Although the Plaintiffs claim that they had and have the ability to pay the mortgage, the fact that they have not done so is not through any alleged "inducement" by the Defendants.  Even under the Plaintiffs' facts as alleged in the complaint, it is the Plaintiffs who have chosen to continue with the loan modification process as opposed to the alternative of paying the mortgage.  This choice of the Plaintiffs cannot form the basis for any justifiable reliance by the

Plaintiffs.[61]   For these reasons, the Court grants the Defendants' motion to dismiss the Plaintiffs' fraud claims.

### C.      Negligence

The basis for the Plaintiffs' negligence claim is particularly unclear.  Although the Plaintiffs claim that Bank of New York Mellon has a duty to honor its contractual obligations and refrain from wrongfully foreclosing on the Plaintiffs' property and that Bank of America has a duty to perform in good faith when processing applications for modification, the Plaintiffs do not point to any legal obligation apart from the actual contracts themselves.   The Court has explained above that the Plaintiffs have not sufficiently alleged any breach of contract claim.  Furthermore, the

---

[61]     *See Freeman v. Wells Fargo Bank, N.A.*, Civil Action No. 1:12-CV-2854-RWS 2013, WL 2637121 (N.D. Ga., June 11, 2013) (Story, J.) (where plaintiff admitted he was in default and could not contest that defendant had legal authority to foreclose under Security Deed, "Plaintiff's alleged damages (relocation expenses, attorney's fees, court costs, and loss of title and equity in the Property) flow from his own failure to make payments, which resulted in foreclosure."); *Adams v. JPMorgan Chase Bank*, Civil Action No. 1:10-CV-4226, 2011 WL 2532925, at *3 (Story, J.) (N.D. Ga. June 24, 2011) (rejecting plaintiff's claim of equitable estoppel where defendant allegedly made promise not to foreclose on property during pendency of forbearance agreement, and plaintiff alleged detrimental reliance was continued payments, not seeking alternative housing, and foregoing other means of saving home).

Plaintiffs cannot support a tort negligence claim with an alleged breach of contract claim.[62]

The Plaintiffs do reference O.C.G.A. § 1-7-1013, which is part of Georgia's Residential Mortgage Act.  This Act, however, does not apply to the foreclosure process.[63] The Plaintiffs do not make any allegations related to the making, purchase, transfer or sale of a mortgage loan.

O.C.G.A. § 51-1-8, referred to by the Plaintiffs in their response brief, also is not a substantive negligence claim.  The statute, rather, states only that "[p]rivate duties may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action."[64]  Outside of the Defendants' contractual obligations, however, the Plaintiffs do not identify any of these alleged duties.  Nor can the Plaintiffs reference to consent orders in other cases or the Federal Home Affordable Modification Program ("HAMP") or Troubled Asset Relief Program ("TARP") to aid their claims as those

---

[62]    *See*, *e.g.*, *ServiceMaster Co., L.P. v. Martin*, 252 Ga. App. 751, 754 (2001) ("It is well settled that mere failure to perform a contract does not constitute a tort.  A plaintiff in a breach of contract case has a tort claim only where, in addition to breaching the contract, the defendant also breaches an independent duty imposed by law.").

[63]    *See e.g.*, *Roylston v. Bank of America, N.A.*, 290 Ga. App. 556, 558 (2008).

[64]    *Id.*

federal programs generally do not provide a private right of action of negligence.[65]

The Court GRANTS the Defendants' motion to dismiss the Plaintiffs' negligence

claims.  Because the Plaintiffs' substantive claims fail, the Court also dismisses the

Plaintiffs' claims for injunctive relief and punitive damages.

### III. Conclusion

For the reasons set forth above, the Defendants' Motion to Dismiss [Doc. 6] is

GRANTED.

SO ORDERED, this 5 day of August, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[65]     *See*, *e.g.*, *Banks v. JP Morgan Chase Bank*, Civil Action No. 11-CV-2750-JOF, Order (Feb. 13, 2012); *Wachovia Bank v. Lone Pine, Inc.*, Civil Action No. 09-CV-2983-JOF, Order (June 15, 2010).